**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IntelliTikes, LLC, | No. CV-15-02205-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Connie Jordan, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Remand (Doc. 16), Defendant's Cross-Motion to Dismiss All Claims Subject Only to Federal Jurisdiction Prior to Any Remand (Doc. 19), and the parties' accompanying briefs. Also before the Court is Plaintiff's Motion to Strike Defendant's Reply or Alternatively Motion for Leave to File Sur-Reply (Doc. 27). For the reasons that follow, Plaintiff's Motion to Remand will be granted and Defendant's Cross-Motion to Dismiss will be denied. As a result, Plaintiff's Motion to Strike Defendant's Reply or Alternatively Motion for Leave to File Sur-Reply will be denied as moot.

### I. BACKGROUND

Plaintiff IntelliTikes, LLC ("IntelliTikes") is an Arizona company that creates and distributes books, curriculum plans, and other education materials designed for young

children. IntelliTikes has two members: Kelly Delforge and Defendant Connie Jordan. Delforge owns 51% of the company, and Jordan owns 49%.

On December 8, 2014, IntelliTikes filed a complaint against Jordan in state court. (Doc. 1-1 at 3-12.) The complaint alleged Jordan had failed to carry out certain duties owed to IntelliTikes, such as the duty to protect the company's intellectual property rights, the duty to fund company expenses, and the duty to inform the company about her business activities. (*See id.* at 5, 7-8.) The complaint also alleged Jordan had acted contrary to IntelliTikes' interests by using company property for personal gain, attempting to take ownership of company assets, and directly competing with the company. (*See id.* at 5-6, 8-9.)

On October 2, 2015, Delforge was deposed. At deposition, defense counsel asked Delforge to examine an email sent by Jordan and to identify the statements in the email with which she disagreed. (*See* Doc. 1-1 at 41.) In response, Jordan said she disagreed with the statement that "all content pages were done in China" because she had done "the lion's share of all of the work" on some of the education books in question. (*Id.*) To a follow-up question, Delforge said she had "composed those books from scratch." (*Id.*)

On November 2, 2015, Jordan filed a notice of removal in this Court. (Doc. 1.) The notice invokes 28 U.S.C. § 1441, claiming this Court has exclusive jurisdiction over the federal copyright claims in this action pursuant to 28 U.S.C. § 1338 and pendent jurisdiction over the other claims. (*Id.* at ¶¶ 5-6.) The notice further contends that IntelliTikes' federal copyright claims were "camouflaged as state law actions" in the original complaint and that the "true nature" of these federal claims was "not clear" until Delforge's recent deposition testimony. (*Id.* at ¶ 8.)

IntelliTikes moves to remand on the grounds that the notice of removal is untimely and that, in any event, there are no claims in this action supporting federal jurisdiction. (Doc. 16.) In response, Jordan argues that the untimeliness of her notice is not determinative, that there are federal claims in IntelliTikes' complaint, and that even if

remand is appropriate, any claims subject to exclusive federal jurisdiction should be dismissed first. (Doc. 19.)

## II. ANALYSIS

Jordan's notice of removal was untimely. The action will be remanded without considering whether there is federal jurisdiction, exclusive or otherwise, over any of IntelliTikes' claims.

### A. Removal Was Untimely.

The procedure for removal is governed by 28 U.S.C. § 1446. Generally, a notice of removal must be filed within 30 days after receipt of "the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the pleading is not removable," a notice of removal may be filed within 30 days after receipt of the "amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3). Where, as here, "the timeliness of removal under section 1441 is at issue, . . . removal statutes are to be strictly construed against federal court jurisdiction. When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

Jordan claims the removability of this case was not ascertainable until Delforge's deposition on October 2, 2015. But Jordan made the very argument that underlies her current claim of removability—namely, exclusive federal jurisdiction under 28 U.S.C. § 1338—in state court months earlier. In a brief dated April 6, 2015, Jordan urged the state court to dismiss one of IntelliTikes's claims on the ground that "all assets claimed in Plaintiff's Complaint are 'intellectual property' over which [the state court] has no jurisdiction" and "[u]nder 28 U.S.C. § 1338, jurisdiction of matters dealing with

- 3 -

copyrighted material lies solely with district courts." (Doc. 16-1 at 6.) Having made this argument in April, Jordan cannot claim it was unascertainable until October.

Moreover, Delforge's deposition testimony was unremarkable relative to the complaint. Delforge's statement that she had "composed those books from scratch" was in response to direct questioning from opposing counsel about a subset of IntelliTikes' alleged education books. This testimony does not indicate a federal copyright claim against Jordan more than IntelliTikes' complaint does. Although the Court does not decide whether there is a federal copyright claim here, any such claim would find better footing in the complaint than the deposition. For example, paragraph 20 of the complaint alleged that Jordan "purported to take ownership of copyrights and other proprietary rights that belong to the Company." (*Id.* at 5.) And paragraphs 56 and 57 alleged that Jordan "failed to respond" to IntelliTikes' demand that she cease and desist "infringement of intellectual property rights owned by the Company." (*Id.* at 10.) In other words, removability was not *more* ascertainable from the deposition than the complaint. Thus, Jordan cannot claim the deposition was what first made removability ascertainable.

Because Jordan did not file the notice of removal within 30 days of IntelliTikes' complaint or any other document from which removability "may first be ascertained," the removal was untimely.

### B. Further Consideration of the Removed Claims Is Unwarranted.

Jordan argues that even if removal was untimely, the Court should dismiss any claims that are subject to exclusive federal jurisdiction before remanding. This argument has some intuitive appeal, since it would seem "fruitless to remand for untimeliness a claim over which federal district court[s] hold[] exclusive jurisdiction." *Stipelcovich v. Directv, Inc.*, 129 F. Supp. 2d 989, 994 (E.D. Tex. 2001). But Jordan offers no legal authority for what initially seems like an *ultra vires* proposal. *Cf. Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) ("Because we conclude that the

case should have been remanded to state court, we reverse the district court's order dismissing the case under Rule 12(b)(6).").

The more prudent course of action is to remand without deciding whether there is federal jurisdiction over IntelliTikes' claims. This cautious approach is in line with the majority of cases addressing the issue. *See Harbor Commc'ns, LLC v. S. Light, LLC*, No. CIV.A. 14-00403-CB-B, 2015 WL 419854, at *4 (S.D. Ala. Feb. 2, 2015) (collecting cases). This approach is also consistent with the presumption of strictly construing removal statutes, *see Durham*, 445 F.3d at 1253, and the judicial custom against deciding more issues than necessary.

The opposite approach would create perverse incentives. Jordan's notice of removal was nearly ten months late. To evaluate the basis of her removal despite the long delay would encourage defendants to ignore the statutory timing restrictions. More troublingly, the state court here already made the evaluation Jordan seeks. As explained above, Jordan urged the state court to dismiss one of IntelliTikes' claims in light of the exclusive federal jurisdiction conferred by 28 U.S.C. § 1338. Evidently unpersuaded, the state court declined to dismiss the claim in question. (*See* Maricopa County Superior Court No. CV2014-014653, Doc. 19.) To evaluate Jordan's argument here would encourage defendants to use removal for a second bite of the apple. But "this Court is not a state appellate court, and removal is not the appropriate method for challenging a state court's ruling." *Harbor Commc'ns*, 2015 WL 419854, at *5.

**C.     Plaintiff's Fee Request Is Not Currently Before the Court.**

Because the Court remands for untimeliness without further consideration of the removed claims, IntelliTikes' motion for leave to file additional briefing on the matter (*see* Doc. 27) is moot. As a result, the Court does not consider IntelliTikes' proposed additional briefing (*see* Doc. 28), which includes a request for fees and costs.

However, IntelliTikes may file a separate motion for fees and costs pursuant to 28 U.S.C. § 1447(c) and in compliance with LRCiv 54.2 within 14 days of this order. This

- 5 -

Court retains jurisdiction to entertain such a motion after remand. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Gilding v. Carr*, 608 F. Supp. 2d 1147, 1156 (D. Ariz. 2009).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. 16) is granted.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Dismiss All Claims Subject Only to Federal Jurisdiction Prior to Any Remand (Doc. 19) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Reply or Alternatively Motion for Leave to File Sur-Reply (Doc. 27) is denied as moot.

IT IS FURTHER ORDERED directing the Clerk of the Court to remand this case to Maricopa County Superior Court.

Dated this 24th day of February, 2016.

Neil V. Wake
United States District Judge